# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **In re:** | Case No. 05-33035-DHW |
| **PIKNIK PRODUCTS COMPANY, INC.** | Chapter 11 |
| Debtor. | |

## AMENDED APPLICATION AND SUPPLEMENTAL INFORMATION FOR AN ORDER AUTHORIZING THE EMPLOYMENTAND RETENTION OF GLASSRATNER ADVISORY & CAPITAL GROUP, LLC AS INVESTMENT ADVISORS AND RECOVERY CONSULTANTS TO DEBTOR

PIKNIK PRODUCTS COMPANY, INC. (the "Debtor") filed a motion to employ and retain GlassRatner Advisory & Capital Group LLC ("GlassRatner") on October 21, 2005 (ECF Doc. 36) in which the Debtor set forth the reasons GlassRatner's employment and retention were necessary and the specific benefits that will accrue to the Debtor, the estate and all stakeholders. The Bankruptcy Administrator filed a response to the Debtor's application on October 26, 2005 (ECF Doc 43.) in which it raised two primary questions regarding the application. In response to such questions, the Debtor amends the application and respectfully represents as follows:

1. The first question was raised as to whether GlassRanter may have an interest adverse to the estate by virtue of being a creditor because it was entitled to a weekly "draw" relating to dates pre-petition in connection with its contingent compensation. GlassRatner

is not a creditor within the meaning of §101(10) of the Bankruptcy Code as of the petition date. The "draw" in question represents an advance against the contingent compensation that GlassRatner is entitled pursuant to a "success fee" as more fully described in paragraph 2. The Debtor is not requesting any payments to GlassRatner for compensation earned or amounts due to GlassRatner pre-petition as none are due. According to GlassRatner's books and records, within the one-year period preceding the Petition Date the total aggregate amount billed by GlassRatner to the Debtor was approximately $124,522.00 for estimated fees and expenses incurred prior to the Petition Date for services rendered by GlassRatner to the Debtor (the "Pre-Petition Services"). During the same period the Debtor paid GlassRatner directly or through the application of a retainer the amount of $124,522.00. The Debtor paid a retainer of $30,000, of which $20,000 was outstanding prior to the Petition Date, in connection with Debtor's engagement of GlassRatner.

2. A second question was raised as to the details of the compensation due GlassRatner post-petition. Subject to the Court's approval and pursuant to the terms of a Consulting Agreement, GlassRatner has agreed to (a) receive no fixed fee or hourly compensation and (b) charge compensation in the form of a "success fee" solely contingent on the sale of the assets and/or businesses of the Debtor and affiliated entities to be determined pursuant to a formula based on the dollar amount of proceeds over $5 million received in consideration for the assets and/or businesses sold. Specifically, for a sale to certain interested parties previously identified by the Debtor, the success fee is calculated as 0% of the proceeds less than $5 million; 2.5% of the proceeds between $5 million and $6 million; 3% of the proceeds between $6 million and $7 million; 3.5% of the proceeds between $7 million and $10

2

million and 4% of the proceeds over $10 million. For a sale to other parties, the percentages for the same ranges are 0%, 5%, 6%, 7% and 8%, respectively. GlassRatner will seek reimbursement of actual and necessary out-of-pocket expenses. In addition, GlassRatner was entitled to a weekly draw against the "success fee" of $5,000 per week for the five weeks ended October 9, 2005 for a total of $25,000. The amount of the draw is an advance and the total amount of the draw shall be deducted from the "success fee". The amount of the draw paid pre-petition for dates up to the petition date, and included in the total amount paid by the Debtor disclosed in paragraph 1, was $15,000.

3. In further support of the application, in its capacity as investment advisors and recovery consultants, GlassRatner will continue to work closely with the Debtor and its counsel by performing, without limitation, the following services:

(a) Assist the Debtor in assessing its current financial needs and maintaining the highest value of the Debtor's estate;

(b) Continue to actively market the Debtor's businesses as going concerns, solicit potential buyers and assist in the negotiation and sale of the Debtor's businesses and/or assets;

(c) Continue to assist the Debtor in managing the due diligence process of prospective buyers, including but not limited to, the preparation of information, reports and analyses;

(d) Report to shareholders, lenders, and other stakeholders regarding the sale process;

(e) Attend and advise, as requested by the Debtor, at meetings with the Debtor, their counsel, other financial advisors and representatives of creditors;

(f) Provide such other services, as requested by the Debtor and agreed by GlassRatner.

3

Case 05-33035   Doc 56   Filed 10/31/05   Entered 10/31/05 16:39:04   Desc Main
Document   Page 3 of 5

**WHEREFORE**, the Debtor respectfully requests that this Court accept this amended application and enter an order approving the retention and employment of GlassRatner as their investment advisors and recovery in this case, and granting such other and further relief as is just and proper.

Dated: October 31, 2005.

                                                    Respectfully submitted,

                                                    Memory & Day

                                                    By:    /S/ James L. Day
                                                                  James L. Day
                                                                  ASB-1256-A55J

                                                                Von G. Memory
                                                                ASB-8137-071V

                                                                Attorneys for Debtor

OF COUNSEL

Memory & Day
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
E-mail   vgmemory@memorylegal.com
             jlday@memorylegal.com

4

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, buy:

☒ Placing the same in the United States Mail, postage prepaid, and properly addressed.

☒ E-Mail of ECF (Pursuant to Fed R. Bankr. P9036)

☐ facsimile

☐ hand delivery

☐ delivered in open court.

on October 31, 2005

Teresa Jacobs
U. S. Bankruptcy Administrator
One Church Street
Montgomery, AL  36104

/S/ James L. Day
James L. Day

2