IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| In re | ) | Case No. 05-33035 DHW |
|---|---|---|
| PIKNIK PRODUCTS COMPANY, INC. | ) ) ) | Chapter 11 |
| Debtor. | ) ) | |

**APPLICATION FOR ORDER AUTHORIZING AND
APPROVING THE EMPLOYMENT OF PACHULSKI, STANG,
ZIEHL, YOUNG, JONES & WEINTRAUB P.C. AS ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS**

The Official Committee of Creditors Holding General Unsecured Claims (the "Committee") appointed in the bankruptcy case of the above-captioned debtor and debtor in possession (the "Debtor"), hereby submits this application to employ Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("PSZYJW" or the "Firm") as bankruptcy counsel to the Committee (the "Application"), as of October 25, 2005. This Application is brought pursuant to sections 1102, 1103, 328 and 504 of Title 11 of the United Sates Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Application, the Committee respectfully represents as follow:

### Jurisdiction

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. § 1408 and 1409.

3. The statutory predicate for the relief sought herein are sections 1102, 1103, 328 and 504 of the Bankruptcy Code.

## Background

4. On September 29, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor continues to operate its business and manage its properties pursuant to sections 1107(a) and 1108 of the Bankruptcy Code as debtor and debtor in possession.

6. On October 20, 2005, the Court entered an Order Appointing Creditors' Committee (the "Order") submitted by the Office of the Bankruptcy Administrator of the United States Bankruptcy Court for the Middle District of Alabama, Northern Division (the "Bankruptcy Administrator"). The Committee's members are Archer Daniels Midland; Bunge North America, Inc.; and A1 Industrial Maintenance. Archer Daniels Midland will serve as chairperson of the Committee (the "Chair").

## Relief Requested

7. By this Application, the Committee seeks to employ and retain PSZYJW, as of October 25, 2005, as its general bankruptcy counsel in connection with the Debtor's chapter 11 bankruptcy case and for the performance of legal services as set forth in paragraph 13 herein. The Committee understands that the Firm will seek compensation from the Debtor's bankruptcy estate at a discounted hourly rate for attorneys and paraprofessionals, as modified

69991-001\DOCS_LA:145717.2

below, and reimbursement of expenses incurred on the Committee's behalf, subject to prior Court approval after notice and hearing.

8. The Committee seeks to retain the Firm as its general bankruptcy counsel because of the Firm's extensive experience and knowledge in the field of debtor's and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.

9. Subject to Court approval in accordance with Bankruptcy Code § 330(a), compensation will be payable to the Firm on a discounted hourly rate basis, at 90% of the Firm's standard hourly rates, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm as agreed to between the Firm and the Committee. The principal attorneys and paralegals presently designated to represent the Committee and their current standard hourly rates are:

| **Name** | **Position** | **Rate** |
| --- | --- | --- |
| Jeffrey N. Pomerantz | Shareholder | $465.00 |
| J. Rudy Freeman | Of Counsel | $325.00 |
| Shannon O.C. Nelson | Paralegal | $150.00 |

10. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. The Firm will use other attorneys and paraprofessionals during the course of the case that it deems appropriate.

11. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

69991-001\DOCS_LA:145717.2

However, the Firm has agreed to discount its hourly rates by 10% to reduce administrative expenses associated with this case. It is also the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The Firm will not bill for travel time. The expenses charged to clients include, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, charges related to conference calls hosted by the Firm, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients, provided, however, that in this case, the Firm will not charge for travel costs except for the costs of airfare. The Firm believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. The Firm does not charge its clients for long distance telephone charges made from the Firm's offices or cellular telephones.

12. The professional services that the Firm will render to the Committee include, but shall not be limited to, the following:

  a. provide legal advice and assistance to the Committee in its consultation with the Debtor's relative to the Debtor's administration of its reorganization;

b.  represent the Committee at hearings held before the Court and communicate with the Committee regarding the issues raised, as well as the decisions of the Court;

c.  assist and advise the Committee in its examination and analysis of the conduct of the Debtor's affairs and the reasons for its chapter 11 filings;

d.  review and analyze all applications, motions, orders, statements of operations and schedules filed with the Court by the Debtor or third parties, advise the Committee as to their propriety, and, after consultation with the Committee, take appropriate action;

e.  assist the Committee in preparing applications, motions and orders in support of positions taken by the Committee, as well as prepare witnesses and review documents in this regard;

f.  apprise the Court of the Committee's analysis of the Debtor's operations;

g.  confer with the accountants and any other professionals retained by the Committee, if any are selected and approved, so as to advise the Committee and the Court more fully of the Debtor's operations;

h.  assist the Committee in its negotiations with the Debtor and other parties-in-interest concerning the terms of any proposed plan of reorganization;

i. assist the Committee in its consideration of any plan of reorganization proposed by the Debtor or other parties-in-interest as to whether it is in the best interest of creditors and is feasible;

j. assist the Committee with such other services as may contribute to the confirmation of a plan of reorganization;

k. advise and assist the Committee in evaluating and prosecuting any claims that the Debtor may have against third parties;

l. assist the Committee in the determination of whether to, and if so, how to, sell the assets of the Debtor for the highest and best price; and

m. assist the Committee in performing such other services as may be in the interest of creditors, including, but not limited to, the commencement of, and participation in, appropriate litigation respecting the estate.

13. Neither the Firm, nor any of its shareholders or associates, insofar as the Committee has been able to ascertain, represent any interest adverse to the Debtor, its estate, its creditors and the Committee, in the matters upon which the Firm is to be engaged. The Firm is a "disinterested person," as the Committee understands this term to be defined, within the meaning of sections 101(14) and 101(31), as modified by section 1103(b), of the Bankruptcy Code.

14. To the best of the Committee's knowledge, and except as disclosed in the annexed declaration of Jeffrey N. Pomerantz (the "Pomerantz Declaration") and below, the Firm has no prior connection with the Debtor, its creditors or any other party-in-interest, or its

69991-001\DOCS_LA:145717.2

respective attorneys or accountants in the matters upon which the Firm is to be engaged that would in any way disqualify it from representing the Committee:

        a.     The Firm represents many committees, in other bankruptcy cases, the members of which (together with the other creditors of those cases) may be creditors in this chapter 11 case. However, the Firm will not represent any members of those committees in any claims that they may have collectively or individually against the Debtor. Similarly, the Firm may represent, or may have represented in the past, debtors, committees or trustees in adversary proceedings in actions against creditors of the Debtor. Specifically, the Firm represented the creditor's committee in <u>In re Country Home Bakers</u>, pending in the United States Bankruptcy Court for the District of Connecticut. Archer Daniels Midland was the chairman of that creditors committee and is the Chairman of the Committee in this case.

      15.     The Firm has indicated a willingness to act as co-counsel on the Committee's behalf, in accordance with the terms of this Application. The Firm will take all appropriate steps to coordinate representation of the Committee with the Committee's local counsel, Reynolds, Reynolds & Duncan, LLC so as to collectively provide services to the Committee in an efficient manner.

      16.     The Committee desires to employ the Firm because of the extensive legal services that will be required in these cases and because the Committee believes that the Firm is well qualified to act as local counsel on the Committee's behalf therein.

17. Since the Committee retained the services of the Firm beginning October 25, 2005, the Committee requests that any order entered authorizing such retention be effective as of October 25, 2005.

### Notice

18. Notice of this Application has been given to (i) the Office of the Bankruptcy Administrator, (ii) Committee of Unsecured Creditors, (iii) counsel for Wachovia Bank, National Association; and (iv) any party entering an appearance in these cases pursuant to Bankruptcy Rule 2002. The Committee believes that such notice of the Application is appropriate and sufficient.

WHEREFORE, the Committee requests entry of an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain the Firm as co-counsel effective as of October 25, 2005, and granting such other and further relief as is just and proper.

Respectfully submitted,

THE OFFICIAL COMMITTEE OF CREDITORS
HOLDING GENERAL UNSECURED CLAIMS

By: Archer Daniels Midland Company, Chair

Jennifer Stennett, Representative

Dated: November 7, 2005

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-33035 DHW |
| | ) | |
| PIKNIK PRODUCTS COMPANY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

DECLARATION OF DISINTERESTEDNESS JEFFREY N. POMERANTZ
FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER
BANKRUPTCY RULE 2014

I, JEFFREY N. POMERANTZ, ESQUIRE, declare as follows:

1. I am a shareholder in the firm of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. (the "Firm"), with offices located at 10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067-4100, and have been duly admitted to practice law in the State of California. This Declaration is submitted in support of the *Application for Order Authorizing and Approving the Employment of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. as Attorneys for the Official Committee of Creditors Holding General Unsecured Claims* effective as of October 25, 2005 (the "Application").

2. Neither I, the Firm, nor any shareholder, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtor (the "Debtor"), its creditors or any other parties in interest herein, or its respective attorneys and accountants, the Office of the Bankruptcy Administrator (the "Bankruptcy Administrator"), or any person employed by the Bankruptcy Administrator, except as set forth below:

a. The Firm represents many committees, in other bankruptcy cases, the members of which (together with the other creditors of those cases) may be creditors in this chapter 11 case. However, the Firm will not represent any members of those committees in any claims that they may have collectively or individually against the Debtor. Similarly, the Firm may represent, or may have represented in the past, debtors, committees or trustees in adversary proceedings in actions against creditors of the Debtor. Specifically, the Firm represented the creditor's committee in <u>In re Country Home Bakers</u>, pending in the United States Bankruptcy Court for the District of Connecticut. Archer Daniels Midland was the chairman of that creditors committee and is the Chairman of the Committee in this case.

3. The Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that said firm, its shareholders, counsel and associates:

a. are not creditors, equity security holders or insiders of the Debtor;

b. are not and were not investment bankers for any outstanding security of the Debtor;

c. have not been, within three (3) years before the date of the filing of the Debtor's chapter 11 petition, (i) investment bankers for a security of the Debtor, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor;

-2-

69991-001\DOCS_LA:145717.2
Case 05-33035    Doc 75    Filed 11/14/05    Entered 11/14/05 09:10:04    Desc Main
Document    Page 10 of 17

d. are not and were not within two (2) years before the date of the filing of the Debtor's chapter 11 petition, a director, officer, or employee of the Debtor or of any investment banker as specified in subparagraph (b) or (c) of this paragraph; and

e. the Firm and certain of its shareholders, counsel and associates may have in the past represented, and may currently represent and likely in the future will represent creditors of the Debtor in connection with matters unrelated to the Debtor and this case. At this time, the Firm is not aware of such representations except as noted above. If the Firm identifies any further such representations, the Firm shall make further disclosures as may be appropriate at that time.

4. The Firm intends to apply for compensation for professional services rendered in connection with this chapter 11 case subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The principal attorneys and paralegals designated to represent the Committee and their current standard hourly rates are:

| **Name** | **Position** | **Rate** |
| --- | --- | --- |
| Jeffrey N. Pomerantz | Shareholder | $465.00 |
| J. Rudy Freeman | Of Counsel | $325.00 |
| Shannon O.C. Nelson | Paralegal | $150.00 |

5. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. The Firm will use other attorneys and paraprofessionals during the course of the case that it deems appropriate.

6. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. However, the Firm has agreed to discount its rates by 10% in an effort to assist in limiting the administrative expenses associated with this case. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The Firm will not bill for travel time. The expenses charged to clients include, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, charges related to conference calls hosted by the Firm, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients, provided, however, that in this case, the Firm will not charge for travel costs except for the costs for airfare. The Firm believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. The Firm does not charge its clients for long distance telephone charges made from the Firm's offices or cellular telephones.

7. No promises have been received by the Firm or by any shareholder, counsel or associate thereof as to compensation in connection with this case other than in

-4-
69991-001\DOCS_LA:145717.2
Case 05-33035    Doc 75    Filed 11/14/05    Entered 11/14/05 09:10:04    Desc Main
Document    Page 12 of 17

accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this chapter 11 case, except among the shareholders, of counsel and associates of the Firm.

8. The Firm will take all appropriate steps to coordinate representation of the Committee with the Committee's local counsel, Reynolds, Reynolds & Duncan, LLC so as to collectively provide services to the Committee in an efficient and non-duplicative manner.

9. By reason of the foregoing, I believe that the Firm is eligible for employment and retention by the Committee pursuant to sections 1103 of the Bankruptcy Code and applicable Bankruptcy Rules.

Dated: November 11, 2005

_____
Jeffrey N. Pomerantz

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 11 |
| PIKNIK PRODUCTS COMPANY, INC., : | |
| : | CASE NO. 05-33035 DHW |
| Debtor. : | |

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of: the **Application For Order Authorizing And Approving The Employment Of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. As Attorneys For The Official Committee Of Creditors Holding General Unsecured Claims; and Declaration of Disinterestedness Jeffrey N. Pomerantz For Employment of Professional Person Under Bankruptcy Rule 2014,** upon parties listed upon the annexed Service List by placing copies of the same in the United States mail in properly addressed envelopes with adequate postage affixed thereto.

Executed this 14th day of November 2005.

_____
Joyce A. Higgins

# Service List

| | | |
|---|---|---|
| **Patricia Allen Conover, Esq.**<br>US Attorney's Office<br>P. O. Drawer 197<br>Montgomery, AL 36101<br>Patricia.Conover@usdoj.gov<br>Assigned: 10/18/2005<br>LEAD ATTORNEY | representing | **Internal Revenue Service**<br>801 Tom Martin Drive<br>Mail Stop 126<br>Birmingham, AL 35211-1212822<br>*(Attorney)* |
| **James L. Day, Esq.**<br>Memory & Day<br>P.O. Box 4054<br>Montgomery, AL 36103-4054<br>jlday@memorylegal.com<br>Assigned: 09/30/2005 | representing | **Piknik Products Company, Inc.**<br>3806 Day Street<br>Montgomery, AL 36108<br>*(Debtor In Possession)* |
| **Leonard N. Math, Esq.**<br>Chambless, Math, Moore, Brown,& Carr, PC<br>P.O. Box 230759<br>Montgomery, AL 36123-0759<br>noticesmd@chambless-math.com<br>Assigned: 10/20/2005 | representing | **Air Base Mobile Home Park**<br>*(Creditor)* |
| **Von G. Memory, Esq.**<br>Memory & Day<br>P. O. Box 4054<br>469 S.McDonough St.<br>Montgomery, AL 36101<br>vgmemory@memorylegal.com<br>Assigned: 09/29/2005 | representing | **Piknik Products Company, Inc.**<br>3806 Day Street<br>Montgomery, AL 36108<br>*(Debtor In Possession)* |

| | | |
|---|---|---|
| **Eric Tyson Ray, Esq.**<br>Balch and Bingham<br>P.O. Box 306<br>Birmingham, AL 35201<br>eray@balch.com<br>Assigned: 10/07/2005 | representing | **Alabama Power Company**<br>c/o Eric T. Ray, Esq.<br>Balch & Bingham<br>P. O. Box 306<br>Birmingham, AL 35201-0306<br>eray@balch.com<br>*(Creditor)* |
| **James J Robinson, Esq.**<br>Burr & Foreman, LLP<br>420 North 20th St., Suite 3100<br>Birmingham, AL 35203<br>Assigned: 10/05/2005<br>LEAD ATTORNEY | representing | **Wachovia Bank, N. A.**<br>*(Creditor)* |
| **Clay M. Taylor**<br>Kelly, Hart & Hallman, PC<br>201 Main Street<br>Suite 2500<br>Fort Worth, TX 76102<br>clay_taylor@khh.com<br>*Assigned: 10/24/2005* | representing | **Crouch Supply Company**<br>c/o Clay Taylor<br>Kelly, Hart & Hallman, P.C.<br>201 Main Street<br>Suite 2500<br>Fort Worth, TX 76102<br>clay_taylor@khh.com<br>*(Creditor)* |
| **Michael D. Warner**<br>Warner Stevens, LLP<br>301 Commerce Street<br>Suite 1700<br>Fort Worth, TX 76102<br>817-810-5250<br>817-810-5255 (fax)<br>bankruptcy@warnerstevens.com<br>Assigned: 09/30/2005 | representing | **Kellogg Company**<br>*(Creditor)* |
| **Jason Dwight Woodard**<br>Burr & Forman LLP<br>420 North 20th Street, Suite 3100<br>Birmingham, AL 35203<br>205-458-5188<br>jwoodard@burr.com<br>Assigned: 09/30/2005 | representing | **Wachovia Bank, N. A.** |

| | | |
|---|---|---|
| **Bowdy J. Brown, Esq.**<br>**R. Austin Huffaker, Jr., Esq.**<br>Rushton, Stakely, Johnston & Garrett, P.A.<br>180 Commerce Street<br>Montgomery, AL 36104<br>Mailing Address: P.O. Box 270<br>Montgomery, AL 36101-0270<br>Assigned: 10/14/05 | representing | **CEM Corporation**<br>*(Creditor)* |

**Bankruptcy Administrator**
Teresa R. Jacobs, Esq.
U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104
ba@almb.uscourts.gov
*Assigned: 09/29/05*

Beverly Garner
Bunge North America, Inc.
P.O. Box 952397
St. Louis, MO 63195

Jennifer Stennett
Archer Daniel Midland
4666 Faries Parkway
Decatur, IL 62526

LaRue Bailey
A1 Industrial Maintenance
871 Williams Drive
Montgomery, AL 36110

| | | |
|---|---|---|
| The McBeal Law Firm, LLC<br>c/o Mitch McBeal, Esq.<br>7027 Halcyon Park Drive<br>Montgomery, AL 36117<br>mitchmcbeal@mcbeallawfirm.com<br>Assigned: 10/31/05 | representing | **J&P Machines** |