UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 05-33035-DHW
                                                         Chapter 11
PIKNIK PRODUCTS COMPANY, INC.,

    Debtor

# ORDER AWARDING FEE

Memory, Day & Azar, attorneys for the debtor, filed an application, as amended, for approval of compensation and reimbursement of expenses. The application came on for final hearing on August 7, 2006.

The attorney for the debtor seeks to be allowed a fee of $175,595.50 plus $9,345.15 for expenses incurred for legal services rendered to the debtor, which services are more specifically set out in the application filed with this court.

The bankruptcy administrator had no objection to the application. The Committee of Unsecured Creditors does not object to the amount requested but objects to any payment of the fee that would result in priority above other administrative expenses because it is not yet clear whether this case is administratively solvent.

The debtor responds that Wachovia Bank, the primary secured creditor, agreed early on in this case to carve out a portion of its cash collateral to pay the debtor's attorney's fees. The agreement is not a matter of record.

The court is aware of only one carveout in this case which is a matter of record. In a consent order entered October 18, 2005, Wachovia agreed to allow the debtor to "use cash collateral up to the amounts set forth in the Budget approved by Wachovia" for, *inter alia*, "administrative expenses . . including professional fees and expenses." To the court's knowledge the budget is not a matter of record.

When the order entered, the debtor was still operating as a going concern. Therefore, the order embraced cash collateral held at that time or acquired

through the debtor's normal operations. However, the debtor soon stopped operating as a going concern and began liquidating both its real and personal property. The court does not believe that the order contemplated the secured creditor's funding of administrative expenses from the cash collateral acquired through liquidation of the debtor's business.

To the extent that the debtor seeks to pay the attorney's fees of Memory, Day & Azar from the cash acquired from the operation of the debtor's business and within the budget approved by Wachovia, Memory, Day & Azar must participate pro rata with other administrative claimants.

However, to the extent that the debtor seeks to pay the attorney's fees of Memory, Day & Azar from cash acquired from the liquidation of the debtor's business, the attorney's fees may be paid to whatever extent authorized by Wachovia. Accordingly, it is

ORDERED that Memory, Day & Azar, attorneys for the debtor, be awarded a fee in the sum of $184,940.65 with payment consistent with the terms of this order.

Done this 9 day of August, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
  Memory, Day & Azar, Attorney for Debtor
  D. Jason Woodard, Attorney for Wachovia Bank
  J. Rudy Freeman, Attorney for Creditor's Committee
  Bankruptcy Administrator